# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>TODD REYNOLDS and KRISTIN MCCOY,<br><br>    Defendants. | CR11-3003-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS** |

_____

On January 19, 2011, the grand jury returned an Indictment against the defendants Todd Allan Reynolds ("Reynolds") and Kristen Joelle McCoy ("McCoy") charging them with conspiracy to manufacture and distribute methamphetamine and possession of pseudoephedrine. Reynolds also was charged with manufacturing methamphetamine. *See Indictment*, Doc. No. 1. On April 4, 2011, McCoy filed a motion to suppress evidence seized during the execution of a search warrant at the residence of McCoy and Reynolds in Webster City, Iowa. Doc. No. 29. On April 5, 2011, Reynolds joined in the motion. Doc. No. 34. On April 11, 2011, the government resisted the motion. Doc. No. 38. The motion has been assigned to the undersigned for a report and recommendation. Doc. No. 9.

The court held a hearing on the motion on April 21, 2011. Assistant United States Attorney Shawn S. Wehde appeared on behalf of the government. The defendants appeared personally with their attorneys, R. Scott Rhinehart, representing McCoy, and Assistant Federal Public Defender Michael L. Smart, representing Reynolds.

## I. BACKGROUND FACTS

On July 2, 2010, a Wright County Deputy Sheriff made a traffic stop on a vehicle in which Reynolds was the driver and McCoy was a passenger. Reynolds was unable to produce proof of insurance, so the deputy asked him to step out of the vehicle. The deputy performed a patdown search and discovered a quantity of methamphetamine in Reynolds' pocket. A drug dog was brought to the scene, and indicated on the vehicle. The deputy then searched McCoy's purse, and discovered marijuana and a marijuana pipe. Reynolds and McCoy told the deputy they were coming from their residence in Webster City, Iowa, and that before the traffic stop they had made no stops since leaving their residence. They both were arrested for possession of drugs. In a later search of the vehicle, methamphetamine precursors were discovered in the trunk of the vehicle.

The deputy applied for and obtained a search warrant for the defendants' residence in Webster City, Iowa. Probable cause for the warrant was based on the items seized during the traffic stop, the items seized from the trunk of the vehicle, and the defendants' statements that they did not stop anywhere between their residence and the traffic stop. Although the residence was in Hamilton County, the search warrant was issued by a Wright County magistrate, and served by a Wright County Deputy. In the search of the residence, the officers found a number of items of evidence, including pill boxes and pill blister packets.

In the motion to suppress, the defendants seek to suppress the evidence seized from the residence and pharmacy pill logs that were obtained based on an investigation of items seized during the search.

## II.  DISCUSSION

### *A.  Probable Cause*

The defendants first argue that there was no probable cause to support the issuance of the search warrant. They base this claim on a statement in the affidavit that "methamphetamine precursors" were located in the trunk of the vehicle. They argue that this statement was "merely an opinion and not a statement of fact." Doc. No. 29-1, p. 4. The defendants cite to no authority and give no legal analysis to support this argument. The argument has no merit.

The judicially created exclusionary rule to the Fourth Amendment "forbids the use of improperly obtained evidence at trial." *United States v. Barnum*, 564 F.3d 964, 968-69 (8th Cir. 2009) (quoting *Herring v. United States*, 555 U.S. 135, 129 S. Ct. 695, 699 (2009)). Not every Fourth Amendment violation, however, results in exclusion of the evidence obtained pursuant to a defective search warrant. *United States v. Hamilton*, 591 F.3d 1017, 1027 (8th Cir. 2010) (citing *Herring*, 555 U.S. at ___, 129 S. Ct. at 700). Rather, the exclusionary rule is "designed to safeguard Fourth Amendment rights generally through its deterrent effect." *Herring*, 555 U.S. at ___, 129 S. Ct. at 699 (quoting *United States v. Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 620 (1974)). In this regard, the rule applies only where it results in appreciable deterrence, *id.* at ___, 129 S. Ct. at 700, and in applying the rule the court balances the benefits of deterrence against the costs of excluding the evidence. *Hamilton*, 591 F.3d at 1028. The court also assesses the flagrancy of the police misconduct in determining the application of the exclusionary rule, which serves to "deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *Herring*, 555 U.S. at ___, 129 S. Ct. at 702; *see Hamilton*, 591 F.3d at 1029.

"If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a

crime will be found in a particular place, probable cause to issue the warrant has been established." *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983); *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006)) (internal quotation marks omitted). "Whether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge should be paid great deference by reviewing courts." *Id.* at 631-32 (quoting *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331) (internal quotation marks omitted). Accordingly, the court examines the sufficiency of a search warrant affidavit "using a common sense and not a hypertechnical approach." *Id.* at 632 (quoting *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005)) (internal quotation marks omitted). "When reviewing a probable cause finding, the duty of this court is simply to ensure that the judicial officer that authorized the search had a substantial basis for concluding that probable cause existed . . . ." *United States v. Buchanan*, 574 F.3d 554, 561 (8th Cir. 2009) (quoting *Gates*, 462 U.S. at 238-39, 103 S. Ct. at 2332) (internal quotation marks omitted). If the issuing judge had a substantial basis for concluding that a search would uncover evidence of wrongdoing, his determination of probable cause should be upheld. *United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) (citing *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331).

Thus, the scope of this court's review of the search warrant in this case is limited to a determination of whether the magistrate had a "substantial basis" to conclude a search would uncover evidence of wrongdoing. In conducting this review, the court is mindful that "affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation." *Gates*, 462 U.S. at 235, 103 S. Ct. at 2330 (internal quotation marks omitted). "[M]any warrants are . . . issued on the basis of nontechnical, common-sense judgments of laymen applying a standard less demanding than those used in more formal

legal proceedings." *Id.* at 235-36, 103 S. Ct. at 2331. The task of the issuing judge is simply "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238, 103 S. Ct. at 2332.

Notably, even if, in hindsight, the information in the affidavit is deemed insufficient to support a finding of probable cause to issue the warrant, the evidence will not be suppressed if the officers acted in reasonable, good faith reliance on a search warrant issued by a neutral and detached magistrate. *United States v. Leon*, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3420, 82 L. Ed. 2d 677 (1984); *accord United States v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004). "Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, . . . and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Leon*, 468 U.S. at 922-23, 104 S. Ct. at 3420 (citations and footnote omitted). As the United States Supreme Court noted in *Leon*:

> It is necessary to consider the objective reasonableness, not only of the officers who eventually executed a warrant, but also of the officers who originally obtained it or who provided information material to the probable-cause determination. Nothing in our opinion suggests, for example, that an officer could obtain a warrant on the basis of a "bare bones" affidavit and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search. [Citations omitted.]

*Id.*, 468 U.S. at 923 n.24, 104 S. Ct. at 3420 n.24.

Thus, if serious deficiencies exist either in the warrant application itself (*e.g.*, where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard

5

of the truth," *id.*, 468 U.S. at 923, 104 S. Ct. at 3421 (citing *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)), or in the magistrate's probable cause determination, then the *Leon* good faith exception may not apply. As the *Leon* Court explained:

> Deference to the magistrate, however, is not boundless. It is clear, first, that the deference accorded to a magistrate's finding of probable cause does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based. Second, the courts must also insist that the magistrate purport to "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." A magistrate failing to "manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application" and who acts instead as "an adjunct law enforcement officer" cannot provide valid authorization for an otherwise unconstitutional search.
>
> Third, reviewing courts will not defer to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause." "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." Even if the warrant application was supported by more than a "bare bones" affidavit, a reviewing court may properly conclude that, notwithstanding the deference that magistrates deserve, the warrant was invalid because the magistrate's probable-cause determination reflected an improper analysis of the totality of the circumstances, or because the form of the warrant was improper in some respect.

*Leon*, 468 U.S. at 914-15, 104 S. Ct. at 3416 (internal citations omitted). The Court noted that good faith on law enforcement's part in executing a warrant "is not enough," because "[i]f subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." *Leon*, 468 U.S. at 915 n.13, 104 S. Ct. at

3417 n.13 (citing *Beck v. Ohio*, 379 U.S. 89, 97, 85 S. Ct. 223, 228, 13 L. Ed. 2d 142 (1964), and *Henry v. United States*, 361 U.S. 98, 102, 80 S. Ct. 168, 171, 4 L. Ed. 23 134 (1959)).

Even if a magistrate improperly analyzes the totality of the circumstances in finding probable cause, under *Leon*, the exclusionary rule should not be applied to exclude evidence as a means of punishing or deterring an errant or negligent magistrate. The Supreme Court found that penalizing officers who act in good faith on a warrant for a magistrate's error in issuing the warrant "cannot logically contribute to the deterrence of Fourth Amendment violations." *Leon*, 468 U.S. at 921, 104 S. Ct. at 3419. The relevant question is whether law enforcement actions were objectively reasonable; *i.e.*, whether "the offending officers acted in the objectively reasonable belief that their conduct did not violate the Fourth Amendment." *Leon*, 468 U.S. at 918, 104 S. Ct. at 3418. The *Leon* Court noted:

> As we observed in *Michigan v. Tucker*, 417 U.S. 433, 447, 94 S. Ct. 2357, 2365, 41 L. Ed. 2d 182 (1974), and reiterated in *United States v. Peltier*, 422 U.S. at 539, 95 S. Ct. at 2318:
>> "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force."
>
> The *Peltier* Court continued, *id.* at 542, 95 S. Ct. at 2320:

> "If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment."

*Leon*, 468 U.S. at 919, 104 S. Ct. at 3418-19.

Applying these standards, the court finds that the search warrant was supported by probable cause. Even if probable cause did not support the warrant or the warrant were deficient, suppression of the evidence seized pursuant to the warrant is not appropriate under the principles of *Leon*. *See Herring*, 555 U.S. at ___, 129 S. Ct. at 700 (exclusion has always been a last resort).

In their brief, the defendants allege "[t]here is no way of knowing" whether the statement in the affidavit that methamphetamine precursors were found in the trunk was true. Doc. No. 29-1, p. 4. The do not allege that the statement was false or that the statement was an intentional or reckless misrepresentation of the truth. To the extent the defendants are arguing that the warrant should be invalidated because of this statement, they have not made the showing required by *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). To even be entitled to a hearing on this claim, the defendants first must make a "substantial preliminary showing" that a false statement necessary to the finding of probable cause was "knowingly and intentionally, or with reckless disregard for the truth," included in the warrant affidavit. *Franks*, 438 U.S. at 155, 98 S.Ct. 2674. They have not even attempted to make such a showing. *See United States v. Crissler*, 539 F.3d 831, 834 (8th Cir. 2008) (defendant made no offer of proof that alleged omissions from affidavit were intentionally or recklessly omitted); *see also United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010).

## B. Validity of Warrant

The defendants next argue that the Wright County magistrate who issued the search warrant did not have authority to issue a warrant for a search of property in Hamilton County. They support this argument by citing to two cases from the Sixth Circuit Court of Appeals, *United States v. Scott*, 260 F.3d 512 (6th Cir. 2001), and *United States v. Master*, 614 F.3d 236 (6th Cir. 2010). In *Scott*, the court held that *Leon* did not save a search warrant issued by a retired judge, who was not authorized under state law to issue the warrant, because the warrant was *void ab initio*. In *Master*, the court again was presented with a search warrant issued by a judge not authorized to issue the warrant, but held that the holding in *Scott* was no longer viable after the decision of the United States Supreme Court in *Herring v. United States*, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009). *Master*, 614 F.3d at 243. In *Master*, the court remanded to the district court to apply the principles of *Leon*, as explained in *Herring*, to the search warrant.

In light of *Herring*, it is questionable whether these Sixth Circuit cases support the argument made by the defendants here, but even if they did, the basic premise of the argument is faulty. Their argument depends on the defendants' contention that a magistrate appointed in one county had no authority under Iowa law to issue a search warrant for a search of property in another county. This very question was addressed by the Iowa Supreme Court in *State v. Groff*, 323 N.W.2d 204 (Iowa 1982). The Court stated:

> [D]efendants challenge the warrant on the ground that a magistrate for Washington County has no authority to issue a warrant for the search of property located in Iowa County. They argue that a magistrate is limited to acting "within the district" of his appointment, under section 602.60, The Code 1979.
> Section 602.62 provides that the procedure to be followed by magistrates in issuing search warrants is set forth in chapter 808 of the Code. Under section 808.3, any person

9

may make an application for the issuance of a search warrant "before any magistrate." Section 808.4 governs the issuance of search warrants and provides:
> Upon a finding of probable cause for grounds to issue a search warrant, the magistrate shall issue a warrant, signed by the magistrate with his or her name of office, directed to any peace officer, commanding that peace officer forthwith to search the named person, place, or thing within the state for the property specified, and to bring any property seized before the magistrate.

(Emphasis added.) Under that section a magistrate may direct a peace officer to search a person, place, or thing "within the state" for the specified property.

Prior to the revision of the criminal code, the issuance of search warrants was governed by section 751.5, The Code 1977. That section provided:
> If the magistrate is satisfied from his examination of the applicant, and of other witnesses, if any, and of the allegations of the information, of the existence of the grounds of the application, or that there is probable cause to believe their existence, he shall issue a search warrant, signed by him with his name of office, directed to any peace officer in the county, commanding him forthwith to search the person or place named for the property specified, and bring said property before him.
>
> (Emphasis added.) According to Professors Yeager and Carlson, "The drafting subcommittee voted to delete 'in the county' from former § 751.5, to avoid any county-boundary limitation to searches." J. Yeager and R. Carlson, Iowa Practice § 893 (1979).

The deletion of the words "in the county" from former section 751.5 and the inclusion of the words "within the state" in present section 808.4 lead us to believe that the legislature intended magistrates to have the authority to issue search

> warrants for property located outside the county of their appointment. Section 602.60 does not alter our conclusion. That section merely limits the magistrate to exercising his power from within his appointed district. Magistrate Shepard had authority to issue the warrant for defendants' Iowa County residence.

*Groff*, 323 N.W.2d at 213; *see* Iowa Code § 808.4 ("Upon a finding of probable cause for grounds to issue a search warrant, the magistrate shall issue a warrant …directed *to any peace officer*,[1] commanding that peace officer forthwith to search the named person, place, or thing *within the state* for the property specified….") (*emphasis added*).

The Iowa Supreme Court has expressly held that a magistrate appointed in one county has the authority to issue a search warrant for a search of property in another county. The defendants' argument, based on an assumption that a magistrate does not have such authority, is without merit.

## C. *Fruit of Poisonous Tree*

The defendants ask the court to suppress pharmacy pill logs that were obtained by following up on items seized during the search of the defendants' residence. They argue the pill logs are the fruit of the poisonous tree. Since the defendants have not shown that the warrant was unlawful, this argument also has no merit.

For the reasons discussed above, IT IS RESPECTFULLY RECOMMENDED that the motion to suppress be **denied**. Objections to this Report and Recommendation must be filed by **May 5, 2011**. Responses to objections must be filed by **May 12, 2011**.

---

[1] In what appears to be a "throwaway" argument, the defendants assert, without support, that "The application for the search warrant was sworn to by a Wright County Sheriff who does not have jurisdiction to search a residence in Hamilton County." Doc.No. 29-1, p. 1. The language in § 808.4 providing that a search warrant can be directed "to any peace officer" forecloses this claim.

IMPORTANT NOTE: Any party planning to lodge any objection to this Report and Recommendation must order a transcript of the hearing promptly, but not later than **April 25, 2011**, <u>regardless of whether the party believes a transcript is necessary to argue the objection</u>. If an attorney files an objection to this report and recommendation without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 21st day of April, 2011.

*[Signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT